WALTER W. HANNON AND OTHERS, *vs.* THE STATE, USE OF WILLIAM G. ROBEY AND GRACE ANN, HIS WIFE.—*June* 1844.

Where no question is raised upon the admissibility as evidence of a paper read in the county court to the jury, this court, under the act of 1825, ch. 117, will not consider that question.

Where the defendant pleaded general performance, and after the plaintiff replied assigning a breach of the condition of a bond, the defendant rejoined generally, on which the issue was made up. This rejoinder under such circumstances can only be considered a general traverse of the plaintiff's replication. It only puts in issue the facts stated in the replication.

In an action on a testamentary bond, the equitable plaintiff claimed under a residuary clause in the will of *H,* executed in 1838, and admitted to probat in the same year, one-third of the residue of the testator's personal estate of which he might die possessed. Upon an issue denying the facts of the replication, the defendant gave in evidence an indenture made by the testator in the year 1832, conveying to his executor, the defendant, one-half of all his personal property of which he might die possessed, and which had also been admitted to probat by the orphans court as a testamentary paper of *H.* HELD: that the indenture was evidence, material, competent, and necessary to the finding of a proper verdict on the matters in controversy, as a part of the will of *H.*

This court, in reviewing the judgments of the county courts, cannot exercise the powers of a court of probat as to last wills and testaments of personal property.

When the orphans court admits two papers of different dates to probat as testamentary instruments of the same party, and holds that one is not a revocation of the other, this court will presume that the orphans court acted correctly, and not disturb their judgment when such papers are incidentally offered in evidence.

The orphans court may receive evidence of an error in the date of a will offered for probat.

Where the plaintiff assigned his breaches in a special replication, it is the duty of the defendant to rejoin specially, and a general rejoinder of general performance to such a plea, to give it any operation at all, can only be considered as a general traverse of the facts of the replication.

APPEAL from *Charles* County Court.

This was an action of *Debt,* commenced on the 13th January 1840, upon the bond of the appellants, executed 18th September 1838, with condition that *Walter W.* and *Henry M. Hannon,* should well and truly perform the office of execu-

tors of *Walter W. Hannon, senior*, late of *Charles* county, deceased, according to law.

To the declaration on this bond, the appellants pleaded performance generally by the executors, and the plaintiff below replied, that the said *W. W. H.*, did in his lifetime, to wit, on the 16th day of May 1838, make, and in due form of law sign and execute his last will and testament in writing, in the words, letters and figures following, to wit:

In the name of God, amen. I, *Walter W. Hannon, Sr.*, of, &c. After my debts and funeral charges are paid, and after several devises of real and personal property, the testator proceeded as follows: *Item.* I also give and bequeath to my said daughter *Grace Ann Robey*, one-third part of my personal property, I die possessed of, and not otherwise willed or disposed of. *Item.* I give and bequeath to each of my grand children, *Francis Oscar* and *Martha Ann Hannon*, children of my son *William H. Hannon*, $250, to be paid to them on their arrival to lawful age, and no more. And lastly, I do hereby constitute and appoint my two sons, *Walter W.* and *Henry M. Hannon*, my executors of this my last will and testament, revoking and annulling all former wills by me heretofore made, ratifying and confirming this and none other, to be my last will and testament. In testimony whereof, I have hereunto set my hand and affixed my seal, this 16th day of May, in the year of Christ 1838.

The replication, after setting out the probat of the will before the orphans court and certificate thereof, alleged that after making, signing, and executing the said last will and testament, the said *Hannon* died, at, &c., by which said will, *W. W. H.* and *H. M. H.*, were appointed executors thereof; by effect and virtue of which said last will, the said *Grace Ann* therein mentioned, who had previous to the death of said testator, intermarried with the said *William G. Robey*, was entitled to one-third part of the personal estate of the said testator, and one-fourth of the other two-thirds, as one of the heirs of said *Hannon*, the said *Walter W.* having died, leaving as his heirs and representatives, two sons, to wit, *Walter W., Henry M.,*

the said *Grace Ann*, two children of a deceased son, *William H. Hannon*, to wit, *Francis O.* and *Martha Ann Hannon*, each entitled to one-fourth part of said two-thirds, which remained after all legacies, bequests and charges by the said will before particularly and specifically devised, together with all debts due and owing from the said testator, and all necessary charges, expenses, allowances and disbursements upon the administration of the estate of the said testator, were paid, satisfied, discharged, and allowed to be paid and delivered to the said *Grace Ann*, by said executors. And the said state in fact saith, that on the 20th day of November, in the year 1838, in the county aforesaid, there remained in the hands of said executor the sum of $7,035.26, clear personal estate, which was of the said *Walter W.*, after all payments, allowances, disbursements, specific and particular legacies and charges whatsoever, deducted to be paid and administered by the said executors as aforesaid, according to law, and the true intent and meaning of the said last will, of which sum of $7,035.26, the said *William G. Robey* and *Grace Ann*, his wife, were and still are entitled to one-third, amounting to the sum of $2,345.08¾, and to one-fourth of the residue or other two thirds, amounting to the sum of $1,175.04¼, and in the whole to the sum of $3,520.52, according to the tenor and effect of the said last will and testament. And the said state further in fact saith, that the said executors did not, to wit, at the county aforesaid, render any final, just and true account of and concerning their administration of the estate of the said *Walter W. Hannon*, *Sr.* to the justices for the time being, of the orphans court, to be examined and adjudged, and each parcel, part and portion of the said estate so owing and belonging to said *William G.* and *Grace Ann*, his wife, under and in virtue of the said last will and testament of the said *Walter W.*, and the laws of the land, and also pay and satisfy to the said *William G.* and *Grace Ann*, his wife, the said sum of $3,520.-52, or any part thereof; and also that the said executors, although often thereunto required by the said *William G.* and *Grace A.*, his wife, did not pay or satisfy to the said *Wil-*

*liam G.* and *Grace A.*, the said sum of $3,520.52, or any part thereof, but the same or any part to pay, or in any manner satisfy to the said *William G.* and *Grace A.*, his wife, the said executors have hitherto altogether refused, to wit, at, &c., all of which the said state is ready to verify; whereupon it prays, &c.

To this the defendants rejoined, that the said *W. W. H.* and *II. M. H.*, in the condition of the writing obligatory aforesaid mentioned, from the time of making the said writing obligatory aforesaid, have well and truly observed, performed, fulfilled and kept all and singular the matters and things to be done and performed, according to the condition of the said writing obligatory aforesaid, and did make a true and perfect inventory of all and singular the goods and chattels, rights and credits of the said *Walter W. Hannon, Sen.*, deceased, in the condition of the said writing obligatory mentioned, and of this the said *Walter W. Hannon, Henry M. Hannon, Samuel H. Beall* and *Peter Dent,* put themselves upon the country.

On this rejoinder, the issue was made up, and the jury found a verdict for the plaintiff.

At the trial of this case, the plaintiffs to support the issues on their part joined, read in evidence to the jury, the will of *Walter W. Hannon,* and the probat thereof from a certified copy of the same, under the seal of the orphans court of *Charles* county ; and also read to the jury, the inventory and accounts of the administrators of the personal estate of *Walter W. Hannon, Sen.*, also duly certified as aforesaid.

The defendants then read in evidence on their part, an instrument of writing, executed by the testator *Walter W. Hannon,* 8th September 1832, and proved that said paper had been admitted as a testamentary paper to probat, and recorded among the records of the *Orphans* court of *Charles* county.

This indenture made this 8th day of September, in the year of our Lord one thousand eight hundred and thirty-two, between *Walter W. Hannon, Sen.*, of *Charles* county, in the State of *Maryland,* of the one part, and *Walter W. Hannon, Jr.*, and *Henry M. Hannon,* sons of the said *Walter W. Hannon, Sr.*,

of the county and State aforesaid of the other part, witnesseth : that the said *Walter W. Hannon, Sen.*, as well for and in consideration of the natural love and affection which he the said *Walter W. Hannon, Sen.*, hath and beareth unto the said *Walter W. Hannon, Jr.* and *Henry H. Hannon*, as also for the better maintenance, support, livelihood and preferment of them the said *Walter W. Hannon, Jr.*, and *Henry M. Hannon*, hath given, granted, aliened, enfeoffed and confirmed, and by these presents doth give, grant, alien, enfeoff and confirm, unto the said *Walter W. Hannon, Jr.* and *Henry M. Hannon*, their heirs and assigns, one-half of all my personal estate of which I may die possessed, to the only proper use and behoof of them the said *Walter W. Hannon, Jr.* and *Henry M. Hannon*, their heirs and assigns forever.   In witness whereof I have hereunto subscribed my name and affixed my seal, the day and year first before written.

W. W. HANNON, (Seal.)

Signed, sealed and delivered in the presence of *Thomas Rogerson, Thomas L. Luckett.*

STATE OF MARYLAND, *Charles County, Sct:*   On this 8th day of September, in the year of our Lord one thousand eight hundred and thirty-two, personally appears *Walter W. Hannon, Sen.*, party grantor, before the subscribers, two of the justices of the peace of the *State of Maryland* for *Charles* county, and acknowledges the said within deed or instrument of writing to be his act and deed, and the property therein mentioned to be the right and estate of *Walter W. Hannon, Jr.* and *Henry M. Hannon*, party grantees therein mentioned, their heirs and assigns forever, according to the true intent and meaning of the said deed or instrument of writing, and the acts of Assembly in such case made and provided.   Acknowledged before and certified by          THOMAS ROGERSON,

THOS. L. LUCKETT.

STATE OF MARYLAND, *Charles County, Sct :*   I hereby certify that the aforegoing instrument of writing, is truly copied from one of the record books of the orphans court for *Charles* county.

In testimony whereof, I have hereunto subscribed my name, and affixed the seal of said court, this 20th day of (Seal.) August, in the year of our Lord one thousand eight hundred and forty-one.

Test,        AQUILLA BATEMAN,
*Reg. of Wills for Charles County.*

The defendants then prayed the court to instruct the jury, that by the construction of said papers or instruments of writing, *Walter W. Hannon* and *Henry M. Hannon* were entitled to one-half of the balance of the personal property of the intestate, remaining after payments of debts and administration expenses, and that *Grace Ann Robey*, as legatee under the will of *Walter W. Hannon*, was only entitled to one-third of the remaining half, which instruction the court refused; but were of opinion and so instructed the jury, that the plaintiff was entitled to one-third of the balance of the testator's estate remaining after the payment of the testator's debts and the costs of the administration and commission to the executors and the legacies to the widow of the testator and to the children of *William H. Hannon;* to which instruction of the court (C. DORSEY, A. J.,) the defendant excepted.

The judgment being against the defendants, they prosecuted the present appeal.

The cause was argued before STEPHEN, DORSEY, CHAMBERS and SPENCE, J.

By CRAIN and ALEXANDER for the appellants, and
By W. H. TUCK for the appellees.

DORSEY, J., delivered the opinion of this court.

In support of the instruction given by the county court to the jury, as set forth in the bill of exceptions, it has been urged that the testamentary paper read by the defendants in evidence to the jury was inadmissible upon the pleadings and issues in the cause. Upon the admissibility of this paper as evidence, no question was raised in the court below, none can arise here under our act of Assembly of 1825, ch. 117; the evidence now objected to, went to the jury without objection. But had

the objection been taken in the county court, it ought to have been overruled.

To this action upon the testamentary bond the defendants pleaded general performance; to which plea the plaintiff replies and sets out in words, letters and figures, what he alleges to be the last will and testament of the testator; and states that there remained in the hands of the executors, after all disbursements and payment of debts, legacies, &c., a balance of $7,035.$\frac{26}{100}$, of which *Grace Ann Robey*, as legatee and distributee of the testator, was entitled to the sum of $3,520.$\frac{52}{100}$. To this replication the defendants, instead of rejoining specially as they ought to have done, put in a general rejoinder of general performance which, according to the interpretation given to such pleadings, in the loose and inartificial mode of pleading prevailing in the first judicial district of the State, means, if we give to it any operation, a general traverse of all the allegations contained in the replication. The rejoinder then puts in issue the facts, whether the paper recited was the only true and last will and testament of the deceased; whether the balance of the testator's estate was as stated in the replication, and whether *Grace Ann Robey* was entitled to the portion thereof which she therein claims. On such issues, it surely cannot be denied that the testamentary paper read by the appellants, in evidence to the jury, was material and competent testimony, and necessary to the finding of a proper verdict, on the matter in controversy. But it has been insisted that this paper is inadmissible as evidence as a part of the last will and testament of the deceased, because bearing date in 1832, it is revoked and annulled by the revoking clause of the testator's will, exhibited by the plaintiff, which bears date in 1838. This argument would be entitled to great, if not conclusive weight, if urged before the orphans court, by which this paper was admitted to probat as part of the last will and testament of the deceased. Whilst sitting here reviewing the judgments of the county court, we cannot exercise the powers of a court of probat, as to last wills and testements of personal property. What the orphans court has·

done upon this subject is conclusive upon this court, as far as concerns this question of express revocation. *Omnia presumuntur rite acta fuisse*, and for aught that appears to this court, it may have been satisfactorily proved to the orphans court that there may have been an error in date as to one of the testamentary papers admitted to probat, and that the one offered in the evidence by the defendants was of posterior execution; or that it was re-published by the testator after the sixteenth of May 1838.

Having sustained the paper offered in evidence by the defendants, as part of the last will and testament of *W. W. Hannon*, it is unnecessary for us to inquire how far this paper, if rejected as testamentary, would be operative as a deed of conveyance of one-half of the personal estate of which he might die possessed.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**